IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT PATRICK HORTON,                         1:12-cv-00612-MA

        Plaintiff,                         OPINION AND ORDER ON
v.                                             EAJA ATTORNEY'S FEES

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

ALAN STUART GRAF
316 Second Road
Summertown, Tennessee 38483

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

JEFFREY R. MCCLAIN
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075

    Attorneys for Defendant

1 - OPINION & ORDER ON EAJA ATTORNEY'S FEES

MARSH, Judge

In this proceeding, plaintiff seeks an award of attorney's fees in the amount of $8,280.40 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Because I find that the position of the Commissioner was not substantially justified, but make a small reduction in the hours billed, plaintiff's application for fees is granted in part and denied in part.

## BACKGROUND

On April 10, 2009, plaintiff protectively filed applications for disability insurance benefits and supplemental security income, alleging disability beginning December 30, 1995 due to "[p]anhypopituitarism, [s]econdary to [c]raniopharyngioma." Tr. 186. On September 24, 2010, an Administrative Law Judge (ALJ) issued a decision finding plaintiff not disabled within the meaning of the Act. The Appeals Council declined review and plaintiff filed the instant action.

Among other issues, plaintiff argued that the ALJ improperly rejected the testimony of James B. Powell, Psy.D. and that the jobs the ALJ found plaintiff could perform did not exist in significant numbers in the national economy. Although I affirmed the ALJ's opinion in several other respects, I agreed with plaintiff that the

ALJ's reasons for rejecting Dr. Powell's opinion were insufficient.[1] Opinion & Order (#25) at 16-18.

Plaintiff, as the prevailing party, subsequently filed the present application (#27) for attorney's fees under the EAJA. The Commissioner opposes the award of fees, arguing solely that its position was substantially justified, and therefore, plaintiff is not entitled to fees under the EAJA.

## DISCUSSION

### I. Substantial Justification

Under the EAJA, a prevailing party is entitled to recover attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005) (internal quotation omitted). The Government's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. Pierce v.

---

[1] I did not conclude that the ALJ's Step Five finding was in error. Rather, in light of the Commissioner's concession during litigation that one of the jobs cited by the ALJ was not available to plaintiff under the RFC, I ordered the ALJ to revisit the Step Five finding to determine in the first instance if the existing jobs were sufficient to carry the Commissioner's burden at Step Five, or if there were other jobs plaintiff could perform.

Underwood, 487 U.S. 552, 563-66 (1988); Bay Area Peace Navy v. United States, 914 F.2d 1224, 1230 (9th Cir. 1990).

A position is substantially justified if it has a reasonable basis in law and fact. Pierce, 487 U.S. at 565; Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 2443 (2011). The question is not whether the government's position as to the merits of plaintiff's disability claim was "substantially justified." Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008). Rather, the relevant question is whether the Commissioner's decision to defend the procedural errors on appeal was substantially justified. Id. The government bears the burden of demonstrating substantial justification. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988).

The Commissioner's position that the ALJ cited sufficient reasons to reject Dr. Powell's opinion was not substantially justified. Despite accepting Dr. Powell's finding that plaintiff had moderate limitations in concentration, persistence, and pace, the ALJ did not incorporate those limitations or explain why they were accommodated by other restrictions in the RFC. This error was clear on the face of the record.

Additionally, the ALJ's rejection of Dr. Powell's opinion that plaintiff had marked limitations in activities of daily living because it was inconsistent with plaintiff's daily activities was illegitimate because the ALJ's rationale did not address the crux

of Dr. Powell's opinion. Rather than a general limitation in activities of daily living, Dr. Powell opined that plaintiff was markedly limited in his ability to *independently* manage activities of daily living outside the structure and support provided by his family. Tr. 315. The ALJ's rationale treated Dr. Powell's opinion as though it found that plaintiff had a generalized limitation in activities of daily living rather than a limitation in *independent* management of daily activities. This error was also clear on the face of the record. The Commissioner's position that the ALJ appropriately rejected Dr. Powell's opinion was not substantially justified.

## II. EAJA Award

An award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. Hensley, 461 U.S. at 433; Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992).

5 - OPINION & ORDER ON EAJA ATTORNEY'S FEES

Where documentation is inadequate, the court may reduce the requested award. <u>Hensley</u>, 461 U.S. at 433-34.

Plaintiff requests $8,280.40 in attorney's fees to compensate for 45.15 hours expended by plaintiff's counsel in 2012 and 2013. The total figure includes 2.85 hours expended by plaintiff's prior counsel, Mark A. Manning, and 0.7 hours billed as those expended by Mr. Manning's legal assistant. While I conclude that the hourly rates billed by counsel and most of the hours expended are reasonable, I deduct 1.975 hours spent on clerical tasks and former counsel's search for a new attorney to represent plaintiff before this court. <u>See</u> <u>Missouri v. Jenkins</u>, 491 U.S. 274, 288 n.10 (1989).

Specifically, I strike the following billing entries from the attorney's fees award:

| Date | Services | Time |
|---|---|---|
| 3/9/12 | Email message from reviewing attorney declining case. | 0.10 |
| 4/5/12 | Email to Mark Manning accepting case | 0.25 |
| 4/5/12 | Email from 2nd reviewing attorney accepting case and issues on appeal. | 0.25 |
| 4/12/12 | Reviewed Order granting IFP application. | 0.10 |
| 5/4/12 | Prepared & filed service packets with court clerk. | 0.25 |
| 5/16/12 | Prepared and filed Substitution of Counsel. | 0.25 |
|  | Email documents to appellate attorney. | 0.25 |
| 5/16/12 | Note attorney substitution | 0.15 |

I also reduce by one-half the following billing entries because they represent a mixture of compensable and non-compensable services:

| Date | Services | Time |
|---|---|---|
| 3/9/12 | Letter and documents to 2nd reviewing attorney; letter to claimant. | 0.50 |
| 4/9/12 | Prepared & filed complaint & IFP; Copies to Claimant | 0.25 |

As a result, plaintiff's total attorney's fees award is reduced by 1.975 hours. 0.6 of the deducted hours were billed at $80.00 per hour, the rate of a legal assistant. 1.375 hours are deducted from the attorneys' 2012 billings, leaving 26.475 hours billed at the attorneys' 2012 rate. Accordingly, plaintiff is entitled to an award of $7,978.96 (26.475 hours in 2012 x $184.32 = $4,879.87; 16.6 hours in 2013 x $186.21 = $3091.09; 0.1 hours x $80.00 = $8.00).

///

///

///

///

///

///

///

///

///

7 - OPINION & ORDER ON EAJA ATTORNEY'S FEES

## CONCLUSION

For the reasons stated above, plaintiff's Application for Fees Pursuant to EAJA (#27), is GRANTED in part and DENIED in part. Plaintiff is awarded $7,978.96 under the EAJA, subject to any offsets allowed under the Treasury Offset Program as discussed in <u>Astrue v. Ratliff</u>, ___ U.S. ___, 130 S. Ct. 2521 (2010). If there are no such offsets, the check shall be made out to plaintiff's attorney and mailed to plaintiff's attorney's office.

IT IS SO ORDERED.

DATED this  18  day of June, 2013.

_____
Malcolm F. Marsh
United States District Judge

8 - OPINION & ORDER ON EAJA ATTORNEY'S FEES